IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | SEALED |
| | § | NO. 4:21-CR 304 |
| | § | Judge Jordan |
| JAWIN LANDAZURI TORRES (1) | § | |
| GERSON DAVID PANEZO-TENORIO (2) | § | |
| FRANKLIN JACKSON MINA-VALENCIA (3) | § | |



**FILED**

NOV 1 0 2021

Clerk, U.S. District Court
Texas Eastern

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

> Violation: 21 U.S.C. § 963 (Conspiracy to Manufacture and Distribute a Controlled Substance, Intending, Knowing, and Having Reasonable Cause to Believe it would be Unlawfully Imported into the United States)

Beginning in or about 2021, and continuing thereafter through the date of this Indictment, within the extraterritorial jurisdiction of the United States, including locations in and adjacent to Colombia and Ecuador and various countries throughout South, Central, and North America and elsewhere, the defendants,

JAWIN LANDAZURI TORRES
GERSON DAVID PANEZO-TENORIO
FRANKLIN JACKSON MINA-VALENCIA

did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to commit the following offense against

Indictment
Page 1

the United States: to knowingly and intentionally manufacture and distribute five or more kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a) and 960. All in violation of 21 U.S.C. § 963.

## Count Two

> Violation: 21 U.S.C. § 959
> (Manufacturing and Distributing a
> Controlled Substance, Intending,
> Knowing, and Having Reasonable Cause
> to Believe it would be Unlawfully
> Imported into the United States)

On multiple dates beginning in or about 2021 and continuing thereafter through the date of this Indictment, within the extraterritorial jurisdiction of the United States, including locations in and adjacent to Colombia and Ecuador and various countries throughout South, Central, and North America and elsewhere, the defendants,

JAWIN LANDAZURI TORRES
GERSON DAVID PANEZO-TENORIO
FRANKLIN JACKSON MINA-VALENCIA

did knowingly and intentionally manufacture and distribute five or more kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States. All in violation of 21 U.S.C. § 959.

## Count Three

> Violation: 46 U.S.C. § 70503(a)(1) and 46 U.S.C. § 70506(b): (Conspiracy to Possess with the Intent to Distribute a Controlled Substance Onboard a Vessel Subject to the Jurisdiction of the United States)

Beginning in or about 2021, and continuing thereafter through the date of this Indictment, within the jurisdiction of this Court, the defendants,

JAWIN LANDAZURI TORRES

GERSON DAVID PANEZO-TENORIO

FRANKLIN JACKSON MINA-VALENCIA

did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other persons known and unknown to the Grand Jury to commit an offense defined in Title 46, United States Code, Section 70503, that is: to possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, onboard a vessel subject to the jurisdiction of the United States, as defined in Title 46, United States Code, Section 70502(c)(1)(A). All in violation of 46 U.S.C. § 70503(a)(1) and 46 U.S.C. § 70506(b).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to 21 U.S.C. §§ 853 and 970, 28 U.S.C. § 2461(c).

As the result of committing the offenses charged in this Indictment, the Defendant shall forfeit to the United States pursuant to 21 U.S.C. §§ 853(a) and 970, any property constituting or derived from proceeds obtained, directly or indirectly, as a result of such

offenses, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such offenses.

As authorized by 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), the United States intends to seek forfeiture of substitute property belonging to the Defendant if, as a result of the Defendant's act or omission, any property subject to forfeiture (1) cannot be located upon the exercise of due diligence, (2) has been transferred or sold to, or deposited with, a third party, (3) has been placed beyond the jurisdiction of the court, (4) has been substantially diminished in value, or (5) has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL

GRAND JURY FOREPERSON

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY

WES WYNNE
Assistant United States Attorney

11/10/21
Date

Indictment
Page 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | SEALED |
| v. | § | NO. 4:21-CR |
| | § | Judge |
| JAWIN LANDAZURI TORRES (1) | § | |
| GERSON DAVID PANEZO-TENORIO (2) | § | |
| FRANKLIN JACKSON MINA-VALENCIA (3) | § | |
| | § | |

## NOTICE OF PENALTY

### Counts One, Two, and Three

Violations:   21 U.S.C. §§ 959 and 963, and 46 U.S.C. §§ 70503(a)(1) and 70506(b)

Penalties:   Imprisonment for not less than 10 years nor more than life, a fine not to exceed $10,000,000, and a term of supervised release of at least 5 years.

   If the Defendant has a previous conviction under the above statutes, the imprisonment term, fine amount, and supervised release term are double that otherwise authorized for an initial violation of those statutes.

Special
Assessment: $100.00 per count